Mary Jo O'Neill, AZ Bar #005924
Andrea G. Baran, MO Bar #45620
Hillary K. Valderrama, TX Bar #24075201
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Phoenix District Office**
3300 N. Central Ave., Suite 690
Phoenix, Arizona 85012
Telephone: (602) 640-4988
Fax: (602) 640-5009
Email:   mary.oneill@eeoc.gov
           andrea.baran@eeoc.gov
           hillary.valderrama@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, ) ) ) Plaintiff, ) ) vs. ) ) Gala AZ Holdings, Inc., d/b/a Del Taco, ) a California corporation, ) ) Defendant. ) _____ ) | **COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

## **NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to Adriana Lopez, who was adversely affected by such practices. As alleged with greater particularity below, the Equal Employment Opportunity Commission alleges that Defendant, Gala AZ Holdings, Inc.,

discriminated against Ms. Lopez by allowing another employee to sexually harass her, without taking appropriate steps to address the behavior. The harassment created a hostile work environment for Ms. Lopez. The Commission also alleges that Defendant suspended and then terminated Ms. Lopez in retaliation for complaining to management about the sexual harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Gala AZ Holdings, Inc. has continuously been a California corporation doing business in the State of Arizona and the City of Glendale and has continuously had continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Gala AZ Holdings, Inc. has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 701(b) of Title VII, 42 U.S.C. § 2000e(b).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Ms. Lopez filed a charge with the Commission alleging violations of Title VII by Defendant Gala AZ Holdings, Inc. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. On or about March 2009 through April 2009, Defendant Gala AZ Holdings, Inc. engaged in unlawful employment practices at its Glendale, Arizona facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), because of sex by allowing another employee, Arturo Yañez, to subject Ms. Lopez to sexual harassment that altered the terms and conditions of her employment and created a hostile work environment. The sexual harassment that Defendant allowed to occur included:

(a) Mr. Yañez grabbing or attempting to grab Ms. Lopez' buttocks and breasts;

(b) Mr. Yañez making verbal remarks of a sexual nature, including "where do you hide your butt?" and "is that butt yours?";

(c) Mr. Yañez repeatedly propositioning Ms. Lopez and requesting her to allow him to masturbate while viewing her buttocks; and

(d) Mr. Yañez masturbating in Ms. Lopez's presence.

9. Upon information and belief, Mr. Yañez was an assistant manager at Defendant's Glendale location.

10. Defendant knew or should have known that Ms. Lopez was being subjected to unlawful sexual harassment by Mr. Yañez.

11. Defendant failed to act reasonably to prevent or correct the sexual harassment by Mr. Yañez.

12. On or about April 7, 2009, Defendant Gala AZ Holdings, Inc. engaged in unlawful employment practices at its Glendale, Arizona facility in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-3(a), by taking materially adverse actions against her because she engaged in protected activity:

(a) On or about April 7, 2009, Ms. Lopez told Defendant's general and district managers about Mr. Yañez's unwelcome sexual comments, touching and masturbating;

(b) On or about April 7, 2009, Defendant suspended Ms. Lopez without pay and then terminated her employment because of her complaint.

13. The effect of the practices complained of in paragraphs (8) and (12) above has been to deprive Ms. Lopez of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

14. The unlawful employment practices complained of in paragraphs (8) and (12) above were intentional.

15. The unlawful employment practices complained of in paragraphs (8) and (12) above were done with malice or with reckless indifference to the federally protected rights of Ms. Lopez.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction ensuring compliance with Title VII, and enjoining Defendant Gala AZ Holdings, Inc., its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in retaliation, harassment of employees because of sex, and any other employment practice which discriminates on the basis of sex.

B. Order Defendant Gala AZ Holdings, Inc. to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Gala AZ Holdings, Inc. to make whole Ms. Lopez by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs (8) and (12) above, including but not limited to mitigation expenses, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

D. Order Defendant Gala AZ Holdings, Inc. to make whole Ms. Lopez by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraphs (8) and (12) above,

including but not limited to emotional pain, suffering, mental anguish, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

      E.     Order Defendant Gala AZ Holdings, Inc. to pay punitive damages to Ms. Lopez for its malicious conduct or reckless indifference, as described in paragraphs (8) and (12) above, in an amount to be determined at trial.

      F.     Grant such further relief as this Court deems necessary and proper in the public interest.

      G.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RESPECTFULLY SUBMITTED this 28th day of February, 2011.

          MARY JO O'NEILL
          Regional Attorney

          ANDREA G. BARAN
          Supervisory Trial Attorney

          *s/ Hillary K. Valderrama*
          HILLARY K. VALDERRAMA
          Trial Attorney

          EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
          Phoenix District Office
          3300 N. Central Ave., Suite 690
          Phoenix, AZ 85012
          (602) 640-4988

          Attorneys for Plaintiff