WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>Plaintiff,<br><br>v.<br><br>Gala AZ holdings, Inc., d/b/a Del Taco, a California corporation,<br><br>Defendant. | No. CV-11-00383-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Reconsideration of the Court's August 8, 2012 Order (Doc. 39). The Court now rules on the Motion.

**I.   BACKGROUND**

On May 8, 2012, the parties submitted a Joint Motion to Approve Consent Judgment (Doc. 37) to the Court. On August 8, 2012, the Court denied the Joint Motion to Approve Consent Judgment without prejudice to the parties re-filing without the language requiring the entry of an injunction. (*See* Doc. 38).

Specifically, the Court found that it could grant the consent decree if the following language was removed:

### Injunction

> 1.   Defendant and its officers, agents, employees, successors, assigns and all persons in active concert or participation with them, are permanently enjoined for the duration of the decree from (a) discriminating against any employee on the basis of sex and gender and (b) retaliating against any employee because s/he (i) opposed discriminatory conduct believed to be unlawful under Title VII , (ii) reported

>conduct to be unlawful under Title VII to managers of Defendant [sic] (iii) filed a charge or assisted or participated in the filing of a charge of sex or gender discrimination, or (iv) assisted or participated in an investigation or proceeding resulting from any of the preceding items.

(Doc. 37-1 at 2:16-26).

In denying the injunction, the Court specifically found that "[t]he proposed injunction appears to enjoin activity that is already prohibited by federal employment law and, thus, the entry of an injunction would be duplicative and unnecessary." (Doc. 38).

Plaintiff now seeks reconsideration of the Court's Order.

## II.     LEGAL STANDARD

The Court will grant reconsideration of its prior non-appealable interlocutory order[1] if the party seeking reconsideration makes a showing that:

>1)     There are material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence;
>
>(2)     There are new material facts that happened *after* the Court's decision;
>
>(3)     There has been a change in the law that was decided or enacted *after* the Court's decision; or
>
>(4)     The movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court *before* the Court's decision.

*Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 586 (D. Ariz. 2003). (emphasis added).

"A motion for reconsideration under Rule 59(e) should not be granted, absent

---

[1] The Court notes that, under certain circumstances, the denial of a consent judgment may be an appealable interlocutory order. *See Sierra Club, Inc. v. Electronic Controls Design, Inc.*, 909 F.2d 1350, 1353 (9th Cir. 1990). If the denial of a consent judgment is an appealable interlocutory order, the Court applies the test set forth in Federal Rule of Civil Procedure 59. If the denial of a consent judgment is not an appealable interlocutory order, the Court applies the test set forth in *Motorola*. Rather than specifying which standard it is moving under, Plaintiff has cited to cases applying both the *Motorola* and Rule 59(e) standards. In analyzing Plaintiff's Motion for Reconsideration, the Court will apply both standards.

highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (internal quotation and citations omitted).

### III.   ANALYSIS

Plaintiff argues that the Court's rejection of the injunction language in the parties' consent judgment is "not in accord with binding Ninth Circuit law."  (Doc. 39 at 2). Plaintiff specifically relies on the decision of the Ninth Circuit Court of Appeals in *Equal Employment Opportunity Commission v. Goodyear Aerospace Corp.*, 813 F.2d 1539 (9th Cir. 1987) to support its position.

In *Goodyear*, an employee of Goodyear Aerospace Commission ("Goodyear") filed a charge with the EEOC alleging racially discriminatory promotion practices.  813 F.2d at 1541.  The EEOC subsequently reached a settlement under which Goodyear promised to consider the employee for promotion without regard to her race and not to retaliate against her.  *Id.*  Thereafter, the employee filed a second EEOC charge alleging that Goodyear failed to promote her because of her race and in retaliation for her first EEOC charge.  *Id.*  After Goodyear refused to agree to a proposed consent decree, the EEOC filed a charge in federal district court.  *Id.*  Thereafter, the employee signed a settlement agreement, which provided that, in consideration for Goodyear's promise not to retaliate, Goodyear was released from any and all actions and the employee requested that the EEOC dismiss the lawsuit.  *Id.* at 1541-42.

Goodyear then moved for summary judgment arguing that the settlement mooted the EEOC's power to maintain the litigation.  *Id.* at 1542.  The district court granted Goodyear's motion for summary judgment, finding that the settlement was fair and reasonable, private recovery beyond that obtained in the settlement was unavailable, an injunction against retaliation was unnecessary because Title VII provided that protection, summary judgment furthered Title VII's policy favoring voluntary settlements, liability for discrimination was questionable, further litigation was not in the public interest and

would waste the court's time, and summary judgment would permit the employee to pursue her career without the appearance of forced compliance with the promotion. *Id.* at 1542.

The Ninth Circuit Court of Appeals reversed, finding that the EEOC's right of action is independent of the employee's private action rights. *Id.* at 1542. The Court of Appeals also reversed and remanded on the question of whether the requested injunctive relief should be entered. *Id.* at 1544. The Court of Appeals explained that permanent injunctions are available as relief under section 706(g) of Title VII, which provides in relevant part:

> ***If the court finds*** that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay (payable by the employer, employment agency, or labor organization, as the case may be, responsible for the unlawful employment practice), or any other equitable relief as the court deems appropriate.

42 U.S.C.A. § 2000e-5(g)(1) (emphasis added).

The Court of Appeals held that the district court erred because the district court assumed liability for the purposes of the summary judgment order. *Goodyear*, 813 F.2d at 1544. Because a finding on liability was necessary before the Court could grant or deny the injunction, the Court of Appeals remanded for the district court to make a finding on liability. *Id.* at 1545. The Court of Appeals instructed that, if the district court made a finding that Goodyear was liable for discrimination and retaliation, it should enter the requested injunction. *Id.*

The Court of Appeals also found that the district court erred in finding that an injunction against retaliation was superfluous because Title VII already prohibits that conduct. *Id.* at 1544. In reasoning that an injunction was not superfluous, the Court of Appeals found that:

> An injunction would (1) instruct Goodyear that it must

> comply with federal law, (2) subject it to the contempt power of the federal courts if it commits future violations, and (3) reduce the chilling effect of its alleged retaliation on its employees' exercise of their Title VII rights. Section 706(g) specifically gives courts the power to enjoin an "unlawful employment practice."

*Id.* In support of its decision that the district court could enjoin conduct already made unlawful under Title VII, the Court of Appeals also relied on cases enjoining specific employment practices, not already specifically prohibited by the law, such as an injunction against the use of sex-segregated annuity tables. *Id.*

In this case, Plaintiff relies on the Court of Appeals' reasoning in *Goodyear* to support its contention that this Court must enter the injunction to which the parties in this case have consented. The Court disagrees.

"[A] federal court is more than 'a recorder of contracts' from whom parties can purchase injunctions; it is 'an organ of government constituted to make judicial decisions . . . .'" *Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO, C.L.C.*, 478 U.S. 501, 525 (1986) (ellipsis in original) (internal citation omitted). In evaluating whether to enter an injunction pursuant to a consent judgment, this Court has a duty to consider the implications and the Court's own enforcement power of such an injunction. The Court is not obligated to blindly enter an injunction without the Court's and the parties' understanding of the parameters of such an injunction.

*Goodyear* is distinguishable from this case because, in that case, the Ninth Circuit Court of Appeals remanded for the district court to determine Goodyear's liability for discrimination and retaliation and, if the district court found such liability, it was to then enter the injunction. This outcome comports with the plain language of 706(g) which allows for an injunction "[i]f the court ***finds*** that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint." 42 U.S.C.A. § 2000e-5(g)(1) (emphasis added). In this case, the Court has made no such finding and the parties have not stipulated to such a finding. In fact, the proposed consent judgment in this case specifically notes that Defendant denies the

EEOC's allegations that Defendant subjected its employee to unlawful sexual harassment and retaliation, including termination in violation of Title VII.  (*See* Doc. 37-1 at 1-2).  In such a circumstance, the Court questions the necessity and the propriety of entering an injunction.

Further, in *Goodyear*, the Ninth Circuit Court of Appeals did not address this Court's primary concern in entering an injunction that does not differ from current federal law.  Because the injunction is precisely duplicative of federal law, it appears that enforcement of the injunction could give this Court jurisdiction over all future cases alleging that Defendant Gala AZ Holdings, Inc. d/b/a Del Taco discriminated against any employee on the basis of sex or gender or retaliated against any employee who opposed discriminatory conduct, reported unlawful conduct, filed a charge or participated in filing a charge of sex or gender discrimination, or assisted or participated in an investigation or proceeding resulting from any of the preceding items.

It is not clear from the injunction, as currently proposed, whether any future employee of Defendant would be deprived of his/her right to choose the jurisdiction in which to bring his/her case or if he/she would be forced to bring such an employment action in this Court.  Such an inequitable result would certainly violate many public policy considerations in favor of allowing would-be plaintiffs to choose their own forum and could possibly implicate issues of personal jurisdiction and venue.  Further, this Court simply does not have the resources to assert jurisdiction over all allegations of discriminatory conduct against Defendant, who conducts business in more than ten states.

Moreover, even if the injunction did not purport to give this Court jurisdiction over all future cases of discriminatory conduct by Defendant, it is unclear from the injunction, as currently proposed, whether Defendant has consented to multiple proceedings on the issue of whether Defendant has violated Title VII in a particular instance.  Further, it is unclear to the Court what the effect on the litigation would be if there were inconsistent results arising from a contempt decision in this Court and a merits decision in another Court.  It is with these policy considerations in mind that the Court

refused the original request for an injunction in the consent judgment and these considerations have not been alleviated by the Court of Appeal's decision in *Goodyear*.

### IV.   CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration of the Court's August 8, 2012 Order (Doc. 39) is granted in part and denied in part as follows:

If the parties choose to resubmit their Joint Motion to Approve Consent Judgment with language requiring this Court to enter an injunction, such proposed injunction shall address the considerations set forth herein.

Otherwise, the parties may resubmit their Joint Motion to Approve Consent Judgment as set forth in the Court's Order of August 8, 2012 (Doc. 38).

Dated this 27th day of August, 2012.

James A. Teilborg
United States District Judge